IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DELL, INC.,

    Plaintiff,

-vs-

SYED IBRAHIM, DELTRA SOFT
TECHNOLOGIES PVT. LTD., and
DELTRA TECHNOLOGIES LLC,
    Defendants.

CAUSE NO.:
AU-16-CA-00640-SS

## ORDER

BE IT REMEMBERED on this day the Court considered the file in the above-styled cause, and specifically Plaintiff Dell, Inc. (Dell's) Motion for Default Judgment and Permanent Injunction [#63] and Motion for Attorney's Fees and Costs [#65].[1] Having reviewed Dell's motions, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Defendants Syed Ibrahim, Deltra Soft Technologies Pvt. Ltd. (Deltra Soft), and Deltra Technologies LLC (Deltra Tech) (collectively, the "Defaulted Defendants") perpetuated a fraud whereby individuals unaffiliated with Dell contacted Dell customers, pretended they worked for Dell, and then used their fictitious affiliation with Dell to sell software and computer support services under the Dell name. Am. Compl. [#27] at 1–2.

In May 2016, Dell filed this lawsuit seeking an injunction as well as damages, attorney's fees, and costs. Compl. [#1] at 16–19. Dell later served Deltra Tech through one of its managing members, Basit Khan, and received permission to serve Ibrahim and Deltra Soft—both located in

---

[1] The Court GRANTS Dell's related Motion to File Under Seal [#64].

1

India—through alternative means including email. Order of Sept. 26, 2017 [#38]. After Dell effected service, the Default Defendants failed to plead, respond, or otherwise defend in this action, and the clerk entered defaults against the Defaulted Defendants. Defaults [#44, #56].

Dell now moves the Court to enter a default judgment against the Defaulted Defendants and to enter an injunction prohibiting the Defaulted Defendants from engaging in various activities likely to dilute Dell's trademarks or result in confusion as to the affiliation of the Defaulted Defendants and related third parties with Dell. Mot. Default [#63] at 4–6. Dell also moves for attorney's fees and costs. Mot. Atty's Fees [#65]. These pending motions are ripe for review.

## Analysis

I.  **Motion for Entry of Default Judgment**

   A.  **Legal Standard**

After default has been entered against a defendant for failure to plead or otherwise respond to the complaint, a plaintiff may apply for a judgment based on that default. *New York Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55. Under 50 U.S.C. § 3931(b)(1), the plaintiff must file an affidavit stating whether or not the defendant is in military service, and under Rule 55(b) a default should not be entered against an unrepresented minor or incompetent person. *See Center Capital Corp. v. M.B. Bender Co.*, No. A-09-CV-469-SS, 2009 WL 3834335, at *1 (W.D. Tex. Nov. 13, 2009). A defendant who defaults for failing to plead or otherwise defend admits all the well-pleaded allegations of the complaint. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015). Rule 54(c) limits the type and amount of relief granted on a default judgment to what is demanded in the pleadings. FED. R. CIV. P. 54(c).

2

## B. Application

Dell seeks a default judgment on four of the six claims brought against the Defaulted Defendants.[2] Mot. Default [#63] at 1. The Court examines each claim in turn to determine whether Dell has put forward sufficient well-pleaded factual allegations to support entry of judgment against the Defaulted Defendants. It then considers whether Dell has fulfilled the other miscellaneous predicates to entering a default judgment.

### 1. Trademark Infringement

Under 15 U.S.C. § 1114, any person that uses a registered mark without the permission of the registrant and in connection with the sale or offering of any goods or services is liable for trademark infringement if the use is likely to cause confusion or mistake or is intended to deceive.

Here, Dell has pleaded that its trademarks are distinctive; that they designate a single source of origin; that they have acquired a secondary meaning and have developed valuable goodwill in the market; and that the marks are registered. Mot. Default [#27] at 4–6. Dell has also pleaded that the Defaulted Defendants used Dell's marks to pass off their goods and services as those of Dell, without Dell's permission and in a manner that resulted in actual confusion among Dell's customers. *Id.* at 7–8. Dell has also pleaded that the actions of each of the Defaulted Defendants in the counterfeit use of Dell's marks and alleges the Defaulted Defendants used the marks with knowledge and interest to deceive Dell's customers. *Id.* at 7–9.

The Court concludes Dell has set forward sufficient well-pleaded allegations to support its claims that the Defaulted Defendants infringed on Dell's registered trademarks. The Court therefore grants Dell's motion for entry of default as to those claims.

---

[2] Dell has opted to dismiss the other two claims. Mot. Default [#63] at 1.

### 2. False Designation of Origin, Unfair Competition

Under 15 U.S.C. § 1125(a)(1)(A), any person who uses a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in a manner likely to cause confusion, mistake, or deception as to the "affiliation, connection, or association" of that person or "as to the origin, sponsorship, or approval" of that person's goods or services by another person is liable in a civil action "by any person who believes that he or she is or is likely to be damaged by such act."

In light of Dell's well-pleaded allegations outlined above in Section I.B.1, the Court concludes Dell has pleaded sufficient support for its claims of false designation of origin and unfair competition. The Court therefore grants Dell's motion for entry of default judgment as to those claims.

### 3. False Advertising

Under 15 U.S.C. § 1125(a)(1)(B), any person who uses a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in commercial advertising or promotion in a manner that misrepresents that person or another person's goods, services, or commercial activities is liable in a civil action "by any person who believes that he or she is or is likely to be damaged by such act."

In light of Dell's well-pleaded allegations outlined above in Section I.B.1, the Court concludes Dell has pleaded sufficient support for its claims of false advertising. The Court therefore grants Dell's motion for entry of default judgment as to those claims.

### 4. Trademark Infringement and Unfair Competition

"A trademark infringement and unfair competition action under Texas common law presents essentially no difference in issues than those [in] federal trademark infringement

4

actions." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) (internal quotation marks and citations omitted).

In light of Dell's well-pleaded allegations outlined above in Section I.B.1, the Court concludes Dell has pleaded sufficient support for its claims of trademark infringement and unfair competition under Texas common law. The Court therefore grants Dell's motion for entry of default judgment as to those claims.

### 5. Miscellaneous Matters

There is no reason to believe Ibrahim is a minor, servicemember, or incompetent, and neither Deltra Soft nor Deltra Tech is a natural person. The Court therefore concludes that entry of default judgment against the Defaulted Defendants would not be improper.

## II. Motion for Attorney's Fees

### A. Legal Standard

Dell argues it is entitled to attorney's fees under § 15 U.S.C. § 1116(b)—because the Defaulted Defendants knowingly and intentionally used a counterfeit mark—and 15 U.S.C. § 1117(a)—because this is an exceptional case that stands out from others with respect to the substantive strength of the party's litigating position. The Court agrees that Dell's pleaded allegations demonstrate Dell is entitled to attorney's fees under both of these statutory provisions.

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community" for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). In so doing, the court

considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770. When an attorney's customary billing rate is uncontested and within the range of prevailing market rates, it is presumed to be reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

### B. Application

Dell has submitted billing entries cataloguing the amount of time billed by its law firm for work done in connection with the legal claims asserted here and asks the Court award its customary rates. Given the difficulties encountered and effort expended by Dell during the course of discovery—due largely to evasiveness on the part of the Defaulted Defendants—the Court agrees that Defendants are entitled to a substantial fee award. However, the $179,096.02 claimed by Dell for 372.5 hours of work is excessive. It's possible the amount of fees claimed by Dell is so large because Dell's lawyers charge very high hourly rates. Yet it is hard to say for sure, because Dell has not demonstrated to the Court that the claimed rates fall within the range of prevailing market rates for this sort of work. *See La. Power & Light Co.*, 50 F.3d at 328 (holding rates are presumed reasonable when attorney's customary billing rate is uncontested *and* within the range of prevailing market rates). In fact, Dell has not even informed the Court what its claimed hourly rates are. In light of these deficiencies, the Court concludes that Defendants are entitled to a fee award of $125,000.23, as well as costs.

## Conclusion

The Court grants Dell's motion for default judgment and concludes the allegations in Dell's complaint establish Dell is entitled to a permanent injunction because the Defaulted Defendants unlawful use of Dell's marks has caused Dell irreparable harm; because the remedies available at law are inadequate to compensate for that injury; because the balance of equities between the parties warrants such a remedy; and because the public interest would not be disserved by such an injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *S & H Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 765–66 (N.D. Tex. 2013). The Court also grants Dell's motion for attorney's fees, although the Court declines to award Dell as large an amount of fees as Dell would like.

Accordingly,

IT IS ORDERED that Dell's Motion for Default Judgment and Permanent Injunction [#63] is GRANTED; and

IT IS FURTHER ORDERED that Dell's Motion for Attorney's Fees and Costs [#65] is GRANTED IN PART.

SIGNED this the 15th day of August 2019.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE